IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **IN RE: TAMARO OKEMA OWENS** <br><br> **Debtor** <br> ------------------------------------------------------- <br><br> **THORNE JONES** <br><br>     Movant, <br><br> v. <br><br> **TAMARO OWENS, Debtor; and S. Gregory Hays** <br><br>     Respondents. | **CASE NO.: 22-56978-jwc** <br><br> **CHAPTER 7** <br> ------------------------------------------------------- |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

COMES NOW Thorne Jones, Movant, by and through the undersigned counsel, and pursuant to 11 U.S.C. § 362(d), and request that this Court enter an order conditioning, modifying, or dissolving the automatic stay imposed by 11 U.S.C. § 362, and shows this Court as follows:

1.

The Court has Jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The venue of this case and this Motion is proper under 28 U.S.C. §§ 1408 and 1409.

2.

The Movant have standing to bring this Motion by virtue of being the Property Manager and Owner of certain real property located at 5797 Bobbin Lane, Lithonia, Dekalb County, Georgia of which the Debtor in this Action is a Tenant.

3.

On July 22, 2022, Movant provided Debtor with a written demand that Debtor pay the past-due rent under the lease, and that if payment was not made by July 27, 2022, Debtor's lease would be terminated. (A true and accurate copy of this notice is attached hereto as Exhibit A).

4.

Debtor failed to pay any rents which were past-due to Movant, and Movant terminated the lease between Debtor and Movant. On August 5, 2022, Movant initiated dispossessory proceedings in the Magistrate Court of Dekalb County (Civil Action File No. 22D17147) due to Debtor's failure to pay rent under the lease agreement. (A true and accurate copy of the Dispossessory Affidavit and Answer is attached hereto as Exhibit B).

5.

On September 2, 2022, Debtor initiated the above-captioned bankruptcy proceeding by filing her Voluntary Petition under Chapter 7 of the Bankruptcy Code.

6.

By virtue of 11 U.S.C. § 362(a), the aforementioned dispossessory action has been stayed leaving Movant unable to reclaim the property from Debtor.

7.

Pursuant to 11 U.S.C. § 362(d), on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under 11 U.S.C. § 362(a), such as by terminating, annulling, modifying, or conditioning such stay (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; (2) with respect to a stay of an act against property under subsection if the debtor does not have an equity in such property and such property is not necessary to an effective reorganization.

8.

Debtor does not have any equity in the real property which is the subject of this motion and resided at said real property under a residential lease which has now been terminated. Debtor has not made any payment of rent under the lease since the termination of the lease.

9.

Movant further shows that Debtor's residency at the subject real property is not necessary to the reorganization that is in prospect, and cause exists to grant Movant's relief from the automatic stay—including the lack of adequate protection—so as to authorize Movant to recover their real property and dispossess Debtor therefrom.

10.

Movant further requests that Bankruptcy Rule 4001(a)(3) be waived with respect to any order granting the relief requested under this Motion.

WHEREFORE Movant respectfully requests that this Court:

(a) Hold a hearing pursuant to this Motion within thirty (30) days as is required under 11 U.S.C. § 362(e);

(b) Grant Movant relief from the automatic stay under 11 U.S.C. § 362(d) so as to allow Movant to dispossess Debtor/Tenant from Movant's real property located at 5797 Bobbin Lane, Lithonia, Dekalb County, Georgia;

(c) Order that such relief is not subject to Bankruptcy Rule 4001(a)(3); and

(d) For such other and further relief as this Court deems just and proper, including, but not limited to, lifting of Automatic Stay so that Movant may pursue claims of unpaid rent against debtor/tenant in Gwinnett County Magistrate Court, State of Georgia.

Respectfully submitted, December 15, 2022.

WILLIAMS LAW GROUP OF GEORGIA, LLC
230 Peachtree Street NW, Suite 1460
Atlanta, Georgia 30303
(470) 300-1125—Telephone
(404) 500-1281—Fax
Randy@theWLGfirm.com

/s/ Randy Williams
RANDY WILLIAMS
Georgia Bar No. 248092
*Counsel for Movant*

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served the foregoing *Motion for Relief from Automatic Say* to the following counsel by causing a true and accurate copy thereof to be deposited in the United States mail, certified, in an envelope with sufficient postage thereon addressed as follows:

| | |
|---|---|
| Karen King | S. Gregory Hays |
| KING & KING LAW, LLC | HAYS FINANCIAL CONSULTING, LLC |
| 215 Pryor Street, S.W. | 2964 Peachtree Road |
| Atlanta, Georgia 30303 | Suite 555 |
| notices@kingkingllc.com | Atlanta, Georgia 30305 |
| *Counsel for Debtor* | *Chapter 7 Trustee* |

Respectfully submitted, December 15, 2022.

/s/ Randy Williams
RANDY WILLIAMS
Georgia Bar No. 248092
*Counsel for Movant*

WILLIAMS LAW GROUP OF GEORGIA, LLC
230 Peachtree Street NW, Suite 1460
Atlanta, Georgia 30303
(470) 300-1125—Telephone
(404) 500-1281—Fax
Randy@theWLGfirm.com